George E. Powers, Jr., WSB #5-2062
Patrick M. Brady, WSB #7-5494
Sundahl, Powers, Kapp & Martin, LLC
1725 Carey Avenue
P.O. Box 328
Cheyenne, Wyoming 82003
(307) 632-6421 telephone
gpowers@spkm.org
pbrady@spkm.org

*Attorneys for Patrick Sheehan, Hog-Eye Ranch,
LLC and Mountain West Farm Bureau Mutual
Insurance Company*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2021 MAY 20 AM 11: 35
FILED
MARC ... DISTRICT COURT.
THIRD JUDICIAL DISTRICT CLERK
SWEETWATER COUNTY WY

APR 0 6 2021

DONNA LEE BOBAK
BY          CLERK OF COURT

DEPUTY CLERK

| STATE OF WYOMING | ) | |
| | )ss | |
| COUNTY OF SWEETWATER | ) | |

IN THE DISTRICT COURT

THIRD JUDICIAL DISTRICT

| | | |
|---|---|---|
| PATRICK SHEEHAN, HOG-EYE RANCH, LLC, a Wyoming Limited Liability Company, and MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY, a Wyoming Insurance Company, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Civil Action No. 2021-133-G |
| T.H.E. INSURANCE COMPANY, a Louisiana Insurance Company, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

**COME NOW** the Plaintiffs, Patrick Sheehan ("Sheehan"), Hog-Eye Ranch, LLC ("Hog-Eye Ranch") and Mountain West Farm Bureau Mutual Insurance Company ("MWFB"), by and through their attorneys, Sundahl, Powers, Kapp & Martin, and for their Complaint against the Defendant, T.H.E. Insurance Company ("THEIC") do hereby state and allege as follows:

1



EXHIBIT

A

## A. PARTIES, JURISDICTION AND VENUE

1.     Patrick Sheehan ("Sheehan") is an individual. he is a citizen and resident of Carbon County, Wyoming.

2.     Hog-Eye Ranch, LLC ("Hog-Eye Ranch"), is a Wyoming limited liability company formed under the laws of the State of Wyoming with its principal place of business in Carbon County, Wyoming.

3.     Mountain West Farm Bureau Mutual Insurance Company ("MWFB") is a mutual insurance company, organized and existing under the laws of Wyoming with its principal place of business in Laramie, Wyoming.

4.     THEIC is an insurance company organized and existing under the laws of Louisiana with its principal place of business in Connecticut.

5.     On or about July 25, 2015, MWFB had issued its policy of insurance, policy number CQ012709 (the "MWFB POLICY"), to its named insured, Patrick R. Sheehan, d/b/a Hog Eye Ranch LLC. The MWFB POLICY was in full force and effect. A true and accurate copy of the MWFB POLICY for the policy period of October 23, 2014 through October 23, 2015 is attached hereto as Exhibit A.

6.     On or about July 25, 2015, THEIC had issued its policy of insurance, policy number CPP 0103605 02 (the "THEIC POLICY") to its named insured, Red Desert Roundup, Inc. d/b/a Red Desert Roundup Rodeo ("Red Desert Roundup"). The THEIC POLICY was in full force and effect. A true and accurate copy of the THEIC POLICY for the policy period of June 20, 2015 through June 20, 2016 is attached hereto as Exhibit B.

7.     This is an action for declaratory relief pursuant to W.S. §§ 1-37-101 *et seq*. This Court has jurisdiction over the subject matter of this action.

2

8.     This Court has jurisdiction over the person of Sheehan, Hog-Eye Ranch, MWFB and THEIC.

9.     Venue for this action is properly laid in Sweetwater County, Wyoming.


B.     STATEMENT OF RELEVANT FACTS

10.     On or about July 25, 2015 Red Desert Roundup organized, presented and sponsored a rodeo at the Sweetwater County Fairgrounds. Red Desert Roundup is a Wyoming non-profit corporation, organized and existing under the laws of the State of Wyoming. All corporate powers of Red Desert Roundup are exercised by or under the authority of the Red Desert Roundup board of directors. The affairs of Red Desert Roundup are managed under the direction of its board of directors.

11.     As a condition to obtain permission from Sweetwater County to stage the rodeo at the county fairgrounds, Red Desert Roundup was required to obtain, maintain and provide proof of a policy of general liability insurance providing liability coverage for the event.

12.     Red Desert Roundup contracted with THEIC to obtain the required insurance in accordance with the agreement between Red Desert Roundup and the County of Sweetwater. The agents and representatives of THEIC issued a certificate of insurance confirming that the necessary coverage under the THEIC POLICY existed on or about June 5, 2015. A true and accurate copy of this certificate is attached as Exhibit C.

13.     Prior to July 25, 2015, Sheehan was invited by representatives of Red Desert Rodeo to bring a wagon and team that was owned by Hog-Eye Ranch to Sweetwater County to participate as a volunteer in the parade and shows being staged by Red Desert Roundup in the arena.

3

14.     Sheehan agreed to bring the Hog-Eye Ranch team and wagon to Sweetwater County. Sheehan, the wagon and team arrived on July 24, 2015. Sheehan was instructed and allowed by Red Desert Roundup to board the horses at the county fairground. The motel expenses for Sheehan and his grandson for two nights were "comped" and/or gifted by persons unknown to Sheehan. Sheehan had no expectation of receiving any compensation from Red Desert Roundup.

15.     Sheehan and Hog-Eye Ranch donated their time and services to Red Desert Rodeo and did so without being paid a fee, salary or other compensation for their work and services.

16.     Sheehan showed the Hog-Eye Ranch team and wagon in the arena during the rodeo on July 24, 2015. Sheehan did so with the prior knowledge, permission and authority of the employees, agents, officers and representatives of Red Desert Roundup. Sheehan received instructions from the employees, agents, officers, directors and representatives of Red Desert Roundup informing him about the time that he was to have the team and wagon ready to enter the arena and the gates that would be used to enter and exit the arena. At all such times, Sheehan and Hog-Eye acted at the direction of and within the scope of duties determined by Red Desert Roundup.

17.     Sheehan showed the Hog-Eye Ranch team and wagon in the arena during the rodeo on July 25, 2015. Sheehan did so with the prior knowledge, permission and authority of the employees, agents, officers and representatives of Red Desert Roundup. Sheehan received instructions from the employees, agents, officers, directors and representatives of Red Desert Roundup informing him about the time that he was to have the team and wagon ready to enter the arena and the gates that would be used to enter and exit the arena. At all such times, Sheehan and Hog-Eye acted at the direction of and within the scope of duties determined by Red Desert Roundup.

4

18. Just prior to entering the arena on July 25, 2021 several members of the Red Desert Roundup board of directors, including Peggy Little, Travis Garrison, Kevin Gailey and Tanya Wolf-Zambai, climbed on board the Hog-Eye Ranch wagon and took seats.

19. As the wagon and team were being driven by Patrick Sheehan and moving in the arena, an accident occurred (the "ACCIDENT"). The wagon overturned, injuring several of the persons riding in the wagon, including members of the Red Desert Roundup board of directors, Peggy Little, Travis Garrison, Kevin Gailey and Tanya Wolf-Zambai.

20. THEIC received notice of this ACCIDENT and of claims for injuries by the claimants, Peggy Little, Travis Garrison, Kevin Gailey and Tanya Wolf-Zambai.

21. In the wake of the ACCIDENT, additional lawsuits have been filed against Sheehan and/or Hog-Eye Ranch by people claiming injuries from the ACCIDENT. These lawsuits (collectively the "LAWSUITS") include:

> a. *Kevin Gailey v. Hog Eye Ranch, LLC and Patrick Sheehan*, Sweetwater County District Court Civil No. C-19-266-J;
>
> b. *Travis Garrison v. Hog Eye Ranch, LLC and Patrick Sheehan*, Sweetwater County District Court Civil No. C-19-265-L;
>
> c. *Peggy Little v. Hog Eye Ranch, LLC and Patrick Sheehan*, Sweetwater County District Court Civil No. C-19-295-J; and
>
> d. *Tanya Wolf-Zambai v. Patrick Sheehan (DBA Hog Eye Ranch, LLC)*, Sweetwater County District Court Civil No. C-19-394-J.

22. Attached hereto and incorporated herein by this reference are copies of the complaints that were filed in the LAWSUITS, which are identified as follows:

• *Gailey* Complaint, Exhibit D;

5

- *Garrison* Complaint, Exhibit E;

- *Little* Complaint, Exhibit F; and

- *Wolf-Zambai* Complaint, Exhibit G

23. THEIC has received notice of these LAWSUITS and has received requests and/or demands from Sheehan, Hog-Eye Ranch, MWFB and others to extend liability coverage to Sheehan and Hog-Eye Ranch for the claims and LAWSUITS arising from this Accident under the terms, conditions and limitations of the THEIC POLICY.

24. THEIC initially refused to acknowledge and accept any and all requests, claims and demands regarding liability coverage for the claims asserted against Sheehan and Hog-Eye Ranch in the LAWSUITS under the terms, conditions and limitations of the THEIC POLICY. THEIC intentionally ignored its duties under the terms of the THEIC POLICY and the law or, in the alternative, intentionally decided to breach those duties without a reasonable basis to support its breach.

25. Under the terms of the THEIC POLICY, THEIC has primary coverage for the claims asserted in the LAWSUITS and has a duty to extend a defense to Sheehan and Hog-Eye Ranch for the claims that have been asserted in the LAWSUITS.

26. As a result of THEIC's inaction and refusal to extend coverage and a defense to Sheehan and Hog-Eye Ranch, MWFB has had to incur the costs and expenses of providing a defense to Sheehan and Hog-Eye Ranch for the claims asserted in the LAWSUITS, even though these costs and expenses should have been undertaken, borne, funded and paid by THEIC as the primary insurer.

27. On or about March 26, 2021 THEIC sent a denial letter ("DENIAL LETTER") to counsel for Sheehan, Hog-Eye Ranch and MWFB through THEIC'as authorized agent, Sedgwick

6

Claims Management Services Inc. A copy of this DENIAL LETTER is attached as Exhibit H.

28.     In the DENIAL LETTER, THEIC has declared that it will not defend Sheehan and/or Hog Tie Ranch for the claims asserted in the LAWSUITS and that it will deny that any liability coverage under the terms of the THEIC POLICY for any claims asserted in the LAWSUITS.

29.     By issuing the DENIAL LETTER, THEIC has unconditionally denied coverage to its insureds, Sheehan and Hog-Eye Ranch.  THEIC's decision to deny a defense and coverage to its insured, sheehan and Hog-Eye Ranch, constitutes a breach of duties owed to its insureds, Sheehan and Hog-Eye Ranch, and is a violation of its duties under the THEIC POLICY. the Wyoming Insurance Code and common law, including but not limited to its duty of good faith and fair dealing.

30.     Sheehan and Hog-Eye Ranch continue to be exposed to liability as a result of the claims asserted in the LAWSUITS and, if any liability should be assessed against Sheehan and/or Hog-Eye Ranch, the liability coverage under the THEIC POLICY is primary to any other liability coverage that may be available to Sheehan or Hog-Eye Ranch, including but not limited to any liability coverage under the MWFB POLICY.

## COUNT ONE:

## DECLARATORY RELIEF

31.     The THEIC POLICY extends coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." In addition, THEIC has "the right and duty to defend the insured against any 'suit' seeking those damages."

32.     The ACCIDENT of July 24, 2015, as alleged herein, was an "occurrence," as that

7

term is defined in the THEIC POLICY. The ACCIDENT occurred within the policy period and within the "coverage territory" of the THEIC POLICY.

33. Sheehan and Hog-Eye Ranch were and are qualified as an "insured" under the terms of the THEIC POLICY. Sheehan and/or Hog-Eye Ranch qualify as an "insured" under the definition of a "volunteer worker" under the Commercial General Liability Coverage Form, form CG 00 01 04 13. Sheehan and/or Hog-Eye Ranch also qualify for coverage under the Special Event Endorsement, form CG3420611, either as a "participant" or as a person or organization owning or providing an animal to Red Desert Rodeo for use in a special event insured under the THEIC POLICY..

34. Under the terms paragraph 4.a. of the Section IV – Commercial General Liability Conditions contained in the THEIC POLICY, THEIC provides primary coverage and its "obligations are not affected unless any of the other insurance is also primary."

35. The liability coverage available to Sheehan and Hog-Eye Ranch under the Section II – "Farm" Liability Coverage form of the MWFB POLICY, form no. FO-10.106 (05/13) is subject to the following condition relating to other insurance: "The insurance under Section II, other than excluded coverage, is excess over any other valid and collectable insurance." Any potential liability coverage for Sheehan and Hog-Eye Ranch under the MWFB POLICY is excess to the liability coverage provided under the terms, conditions and limitations of the THEIC POLICY.

36. All necessary conditions precedent necessary to secure coverage for Sheehan under the terms, conditions and limitations of the THEIC POLICY have been satisfied, waived or are otherwise unenforceable.

37. A justiciable controversy exists between the Plaintiffs, Sheehan, Hog-Eye Ranch

8

and MWFB and the Defendant, THEIC, within this Court's jurisdiction under W.S. §§ 1-37-102 and 1-37-103 concerning the respective rights, duties and obligations of THEIC under the terms, conditions and limitations of the THEIC POLICY.

38. Sheehan, Hog-Eye Ranch and MWFB are entitled to ask this court for a declaration of its rights under the terms of the THEIC POLICY and the MWFB POLICY in order to confirm each of the following conclusions:

a) THEIC has the duty to extend a defense to Sheehan and Hog-Eye Ranch for all claims, demands and causes of action asserted against Sheehan in connection with the LAWSUITS without reservation; and

b. THEIC has the duty to indemnify Sheehan and Hog-Eye Ranch for any legal damages that may be assessed against Sheehan and/or Hog-Eye Ranch as a result of the LAWSUITS in an amount equal to the policy limits of the THEIC POLICY; and

c. THEIC has the duty to reimburse MWFB for the costs and expenses that MWFB has incurred in defending Sheehan, because THEIC had and has the primary liability insurance coverage for the claims asserted against Sheehan in the LAWSUITS; and

d. MWFB has no duty to pay or contribute funds to indemnify Sheehan against any claims asserted in the LAWSUITS until all of the available liability coverage under the THEIC POLICY has been exhausted by payments to the claimants.

9

## COUNT TWO

### CLAIM FOR SUBROGATION AND REIMBURSEMENT OF COSTS AND EXPENCES OF DEFENSE INCURRED BY MWFB

39. MWFB realleges paragraphs 1 through 38 of this Complaint, as if set forth in full herein.

40. MWFB has incurred and paid costs, legal fees and other expenses in the defense of Sheehan and Hog-Eye Ranch from the claims, demands and causes of action asserted against Sheehan in the LAWSUITS.

41. THEIC, as the insurer with the primary liability insurance coverage for the claims asserted against Sheehan and Hog-Eye Ranch, was responsible to extend a defense to Sheehan and had the primary duty to assume and pay all of the costs, fees and expenses incurred in that defense.

42. THEIC breached its duty to extend a defend Sheehan and Hog-Eye Ranch and has continued to refuse to honor its duty to defend Sheehan and Hog-Eye Ranch. THEIC failure to extend a defense to Sheehan and Hog-Eye Ranch constitutes a breach of the THEIC POLICY, including but not limited to a breach of the implied contractual duty of good faith and fair dealing.

43. As the insurer with primary liability coverage for the claims asserted against Sheehan and Hog-Eye Ranch in the LAWSUITS, THEIC also owed duties to the excess liability carrier, MWFB. THEIC's refusal to extend a defense to Sheehan and Hog-Eye Ranch constitutes a violation and breach of THEIC's duties to MWFB, including but not limited to the duties inherent in the implied covenant of good faith and fair dealing.

44. When MWFB extended a defense to Sheehan and Hog-Eye Ranch it thereby assumed and paid costs, fees and expenses of defense under the terms of the MWFB POLICY, even though those costs, fees and expenses were properly owed by THEIC. MWFB acted to protect the interests of its insureds. MWFB is subrogated to the rights of Sheehan and Hog-Eye Ranch to demand and receive a defense under the terms of the THEIC POLICY. MWFB is now

10

entitled to maintain its own action to recover from THEIC the costs, fees and expenses of defense that it has paid on behalf of Sheehan.

## COUNT THREE

### STATUTORY ATTORNEY'S FEES AND INTEREST

45.     MWFB realleges paragraphs 1 through 44 of this Complaint, as if set forth in full herein.

46.     THEIC has had notice of the claims asserted against Sheehan and Hog-Eye Ranch for more than 45 days, but it has nevertheless failed and refused to acknowledge the claims. THEIC has refused and failed to extend a defense to its insureds, Sheehan and Hog-Eye Ranch, under the THEIC POLICY.

47.     THEIC has breached its obligation to provide a defense to Sheehan and Hog-Eye Ranch. It has refused to retain counsel and pay for the fees, costs and expenses incurred in defense of Sheehan and Hog-Eye Ranch in the LAWSUITS. THEIC has denied benefits to its insureds that were due under the terms of the THEIC POLICY and has done so without unreasonably and without cause.

48.     THEIC has further refused to acknowledge or honor the demands of MWFB for reimbursement and payment of the costs, fees and expenses, which MWFB has had to incur because of THEIC's refusal to defend its insureds.

49.     THEIC's failure to acknowledge and accept its duty to defend its insureds from the claims asserted in the LAWSUITS constitutes an improper denial of the claims and warrants the award of interest and attorney's fees pursuant to W.S. § 26-15-124 (c).

11

**WHEREFORE** Sheehan, Hog-Eye Ranch and MWFB prays that this Court enter its judgment in favor of Sheehan, Hog-Eye Ranch, MWFB and against THEIC, and that this Court grant relief that includes:

A.   A declaration of rights under the terms of the THEIC POLICY and the MWFB POLICY that includes this Court's declarations that:

    1)   THEIC has the duty to extend a defense to Sheehan and Hog-Eye Ranch for all claims, demands and causes of action asserted against Sheehan and Hog-Eye Ranch in connection with the LAWSUITS without reservation; and

    2)   THEIC has the duty to indemnify Sheehan and Hog-Eye Ranch for any legal damages that may be assessed against him as a result of the Lawsuits in an amount equal to the policy limits of the THEIC POLICY; and

    3)   THEIC has the duty to reimburse MWFB for the costs and expenses that MWFB has incurred in defending Sheehan and Hg-Eye Ranch, because THEIC had and has the primary liability insurance coverage for the claims asserted against Sheehan and Hog-Eye Ranch in the LAWSUITS; and

    4)   MWFB has no duty to pay or contribute funds to indemnify Sheehan and Hog-Eye Ranch against any claims asserted in the LAWSUITS until all of the available liability coverage under the THEIC POLICY has been exhausted by payments to the claimants.

B.   Awarding MWFB a judgment against THEIC in the amount of all fees, costs and expenses that MWFB has incurred in defense of Sheehan from the claims asserted in the Lawsuits.

C.   Awarding MWFB interest and attorney's fees under W.S. § 1-15-124.

12

D.    Awarding such other and further relief as may be just and proper in the premises.

**DATED** this 2nd day of April, 2021.

George E. Powers, Jr., WSB #5-2062
Patrick M. Brady, WSB #7-5494
Sundahl, Powers, Kapp & Martin, LLC
1725 Carey Avenue
P.O. Box 328
Cheyenne, Wyoming 82003
(307) 632-6421 telephone
gpowers@spkm.org
pbrady@spkm.org

*Attorneys for Patrick Sheehan, Hog-Eye Ranch,*
*LLC and Mountain West Farm Bureau Mutual*
*Insurance Company*

13